UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.      -CIV-

AMAURY PUERTAS,

   Plaintiff,

v.

LANZO CONSTRUCTION CO.,
a Florida Corporation and QUIRINO D'ALESSANDRO,
an individual.

   Defendants.

_____/

## PLAINTIFF'S INITIAL COMPLAINT

Plaintiff, AMAURY PUERTAS ("PUERTAS"), by and through his undersigned attorney, and hereby sues Defendants, LANZO CONSTRUCTION CO., a Florida Corporation ("LANZO CONSTRUCTION"), and QUIRINO D'ALESSANDRO, an individual ("D'ALESSANDRO") (collectively, the "Defendants") as grounds alleges:

### JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs, and attorney's fees for willful violations of overtime wages under the laws of the United States, the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq*. ("FLSA").

### PARTIES

2. Plaintiff, AMAURY PUERTAS, is an adult, male citizen of the United States who presently resides in Miami, Miami-Dade County, Florida.

1

3. Defendant, LANZO CONSTRUCTION CO., a Florida Corporation, did at all times material, conduct substantial and continuous business in the Southern District of Florida. LANZO CONSTRUCTION is located at 125 SE 5th Court Deerfield Beach, FL 33441.

4. Defendant, QUIRINO D'ALESSANDRO owned, managed, and/or operated LANZO CONSTRUCTION and regularly exercised the authority to hire and fire employees, determine work schedules of employees, set the rate of pay for employees, and controls the finances and operations of LANZO CONSTRUCTION.

5. The Defendants are an enterprise engaged in an industry affecting interstate commerce, are "employer[s]" as defined by 29 U.S.C. § 203(d) and s(1), in that they have employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

6. Based upon information and belief, the annual gross sales volume of the Defendants entity was in excess of $500,000.00 per annum at all times material hereto.

7. At all times material hereto, PUERTAS is and continues to be a resident of Miami, Miami-Dade County, Florida and was an "employee" of the Defendants within the meaning of the FLSA.

8. At all times material hereto, the work performed by PUERTAS was directly essential to the business performed by the Defendants.

9. At all times material hereto, the Defendants are and continue to be an "employer" within the meaning of the FLSA.

10. At all times material, during PUERTAS'S employment with the Defendants, the Defendants were engaged in interstate commerce or in the production of goods for commerce.

The Defendants continue to be an "enterprise engaged in commerce" within the meaning of the FLSA.

## JURISDICTION AND VENUE

11. This Court has original subject matter jurisdiction over this suit pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

12. Venue is proper in the United States District Court for the Southern District of Florida under 28 U.S.C § 1391(b) and (c) because a substantial part of the events giving rise to the claim occurred in this district and payment was due in Miami-Dade County.

## FACTUAL ALLEGATIONS

13. On or about November 2015 PUERTAS was hired by D'ALESSANDRO as a driver at LANZO CONSTRUCTION. On or about December 2016, PUERTAS no longer worked for LANZO CONSTRUCTION.

14. PUERTAS twelve (12) hours a day and earned approximately seven hundred ($700.00) dollars per week.

15. PUERTAS worked Monday through Friday, occasionally working on Saturdays.

16. Between November of 2015 to December of 2016, PUERTAS worked approximately sixty (60) to seventy (70) hours a week.

17. In many weeks, PUERTAS worked in excess of forty (40) hours per week, but was not paid at the rate of time-and-one-half his regular hourly rate.

18. Although the Defendants were able to keep track of hours worked by PUERTAS and other employees similarly situated, the Defendants failed to pay PUERTAS or other similarly situated employees at an overtime rate when working in excess of forty (40) hours a week.

19. PUERTAS should have been paid on an hourly, non-exempt rate during the entire course of his employment with the Defendants.

20. PUERTAS is still owed for his overtime work completed from **November 2015 to December 2016.**

## COUNT I
### Violation of 29 U.S.C. § 207 (Unpaid Overtime)
### (*Against the Defendants*)

21. Plaintiff, PUERTAS re-alleges and reincorporates paragraphs 1-20 as fully alleged therein.

22. As of November 2015, in addition to PUERTAS'S normal, regular work week, PUERTAS worked additional hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half.

23. PUERTAS was entitled to be paid at the rate of time and one-half for the hours worked in excess of the maximum hours provided for in the FLSA.

24. LANZO CONSTRUCTION failed to pay PUERTAS'S overtime compensation in the lawful amount for hours worked by PUERTAS in excess of the maximum hours provided for in the FLSA.

25. At all times, LANZO CONSTRUCTION willfully employed PUERTAS for many work weeks longer than forty (40) hours, and failed and refused to compensate PUERTAS for such work in excess of forty (40) hours at rates no less than one and one-half times the regular rate at which he was employed.

26. As a result of the unlawful acts of LANZO CONSTRUCTION, PUERTAS and all persons similarly situated to him have been deprived of minimum wages in amounts to be

determined and are entitled to recovery of liquidated damages in the same amount, plus reasonable attorneys' fees and costs.

27. LANZO CONSTRUCTION remains owing PUERTAS overtime wages, and PUERTAS is entitled to recover double damages pursuant to the FLSA.

28. Records, if any, concerning the number of hours worked by PUERTAS and the actual compensation paid to him are in the possession and custody of LANZO CONSTRUCTION.

29. LANZO CONSTRUCTION knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by its failure to compensate PUERTAS at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when it knew or should have known such was due.

30. LANZO CONSTRUCTION failed to properly disclose or apprise PUERTAS of his rights under the FLSA.

31. As a direct and proximate result of LANZO CONSTRUCTION'S willful disregard of the FLSA, PUERTAS has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

32. PUERTAS is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

**WHEREFORE,** Plaintiff, PUERTAS respectfully request that judgment be entered in their favor against Defendant, LANZO CONSTRUCTION:

a. Declaring that LANZO CONSTRUCTION has violated the maximum hour provisions of 29 U.S.C. § 207;

b. Awarding PUERTAS overtime compensation in the amount calculated;

c. Awarding PUERTAS liquidated damages in the amount calculated;

d. Awarding PUERTAS reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding PUERTAS post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just.

## DEMAND FOR JURY TRIAL

A jury trial is demanded on all issues triable by jury.

Date: April 26, 2017.                    Respectfully Submitted,

**GALLARDO LAW OFFICE, P.A.**
*Attorney for the Plaintiffs*
8492 SW 8th Street
Miami, Florida 33144
Telephone (305) 261-7000
Facsimile (786) 261-0088

By: /s/ Elvis J. Adan
Elvis J. Adan, Esq.
Florida Bar No. 24223
Email: elvis.adan@gallardolawyers.com